**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 3:14-cr-123-J-34PDB

RANDY ROGERS

_____

**ORDER**

**THIS CAUSE** is before the Court on Defendant Randy Rogers' Motion to Dismiss Counts One and Two of the Indictment for Legal Insufficiency (Doc. No. 22; Motion) filed on October 14, 2014.  The Government filed the United States' Response to Defendant's Motion to Dismiss Indictment (Doc. No. 27; Response) on October 20, 2014.  Accordingly, the Motion is ripe for review.

**I.    Standard of Review**

Under Rule 7(c)(1), Federal Rules of Criminal Procedure (Rule(s)), an indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" The Eleventh Circuit Court of Appeals has articulated a three part test to determine the sufficiency of an indictment:

> An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.

United States v. Steele, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (internal citation and

quotation omitted). An indictment is generally sufficient "if it sets forth the offense in the words of the statute." Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Adkinson, 135 F.3d 1363, 1375 n.37 (11th Cir. 1998) (noting that an indictment need do little more than track the language of the statute). Indeed, the Eleventh Circuit has explained that an indictment that tracks the language of the statute is sufficient "as long as the language sets forth the essential elements of the crime." United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983). However, an indictment that follows the statute is nevertheless insufficient if it fails to sufficiently apprise the defendant of the charged offense. United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006). Thus, if an indictment tracks the language of the criminal statute, it must include enough facts and circumstances to inform the defendant of the specific offense being charged. United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003). An indictment does not, however, have to "allege in detail the factual proof that will be relied upon to support the charges." United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978).[1] Additionally,

> [i]n ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes. It is well-settled that a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.

Sharpe, 438 F.3d at 1263 (internal citation and quotation omitted).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**II.     Analysis**

Counts One and Two of the Indictment (Doc. No. 1) charge Defendant Randy Rogers (Rogers) with violating 18 U.S.C. § 1951(a),[2] which provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

The statute defines the term "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Tracking the language of § 1951, Count One of the Indictment charges that Rogers, as a Construction Inspector with the St. Johns County Transportation Development Team,

> did knowingly obstruct, delay and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion . . . that is, [Rogers] obtained property from J.W., not due [Rogers] or his position, with J.W.'s consent, under color of official right and induced by the wrongful use of fear of economic loss.

Indictment at 1-2. Similarly, Count Two alleges that Rogers attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion in that he obtained and sought to obtain property from J.W. in the same manner. Id. at 2. Count One alleges that Rogers committed extortion in or about May 2013, and

---

[2] The Indictment contained a scrivener's error, charging Rogers with violations of 18 U.S.C. § 1951(a)(2), a subsection which does not exist. On the parties' Joint Motion to Correct Typographical Error (Doc. No. 34), the Court directed the Clerk to strikethrough "(2)" by hand in each of the five uses of "18 U.S.C. § 1951(a)(2)" and replace the original with a corrected version such that the Indictment now reflects the appropriate statute. See Order Granting Joint Motion to Correct Typographical Errors (Doc. No. 35); Indictment.

Count Two alleges that Rogers attempted to commit extortion from in or about July 2013 through on or about April 1, 2014.  Id. at 1-2.  In the Indictment, the Government alleges that Rogers committed both offenses in St. Johns County, Florida, and elsewhere.  Id.

In the Motion, Rogers seeks dismissal of Counts One and Two because he contends they fail to state an offense and/or "allege with sufficient specificity the essential facts relating to the substantive offenses charged."  Motion ¶¶ 4, 5.  He asserts that these two counts are "so vague and indefinite" that:  (1) he cannot understand the charges, prepare a defense, and protect himself against further jeopardy for the same offense; (2) the Court cannot determine the charge and therefore what evidence is relevant, whether the charge has been proven, and how to properly instruct the jury; (3) neither the Court nor the jury can determine Rogers' guilt or innocence; and (4) his Fifth Amendment right to due process of law has been violated.  Id. ¶¶ 5-7, 9.  Rogers also contends that Counts One and Two violate the Fifth Amendment right to be charged with a felony only upon a grand jury's indictment as well as the Notice Clause of the Sixth Amendment because the Indictment fails to set forth the charged offenses "clearly, specifically, and fully."  Id. ¶¶ 10-11.  In addition to these generic, broad sweeping arguments, Rogers specifically contends that Counts One and Two of the Indictment do not inform him of what property he allegedly obtained and how he wrongfully obtained that property.  Motion at 5.  The Government responds that "[t]he Indictment clearly alleges the date, location and conduct that gives rise to the charge" and that it "presents the essential elements of the charged offense."  Response at 3.

Upon review of the Indictment, the Court finds Rogers' assertions that Counts One

and Two the Indictment are "vague and indefinite" and fail to allege essential facts to be lacking in merit.  In  Counts One and Two, the Indictment alleges the essential elements of the offense in accordance with the language of the statute, and provides specific facts sufficient to inform Defendant of the offense charged, allow him to prepare a defense, and enable him to plead double jeopardy in any future prosecutions for the same offense.  The Court is fully satisfied that the allegations of each count satisfy the Steele test, and thus, the Indictment is sufficient.[3]  As such, the Motion is due to be denied.

In accordance with the foregoing, it is hereby **ORDERED**:

Defendant Randy Rogers' Motion to Dismiss Counts One and Two of the Indictment

---

[3]  In the Motion, Rogers contends that the Indictment must describe the specific conduct alleged to have been the wrongful means by which he obtained property because such conduct is "the very core of the offenses." Motion at 6.  To support this contention he cites Russell v. United States, 369 U.S. 749 (1962).  However, the Supreme Court's holding in Russell is not applicable to the instant case. As one district court recently explained:

> Russell was a McCarty-era case wherein members of the press refused to answer vague questions at a congressional hearing, and the government subsequently failed to allege that the questions were pertinent to the subject matter of the hearing—an essential element of the offense.  The Court reversed the defendants' convictions, because the government's failure to convince a grand jury of this essential element resulted in an indictment that was insufficient under the Fifth Amendment, and also failed to inform the defendant of the nature of the charges against him as required by the Sixth Amendment.

United States v. Pac. Gas & Elec. Co., No. 14-cr-00175-TEH-1, 2014 WL 4954040, at *6 (N.D. Cal. Sept. 29, 2014) (internal citations omitted) (emphasis in original).  Unlike the indictment in Russell, the Indictment here has alleged all the essential elements of a violation of 18 U.S.C. § 1951(a) as well as sufficient facts to inform Rogers of the charges against him.

Moreover, because the Indictment alleges the essential elements, if Rogers required further information to "define more specifically the offense charged," the proper procedure would be to move for a bill of particulars.  See Cefalu v. United States, 234 F.2d 522, 524 (10th Cir. 1956).  Although Rogers moved for a bill of particulars (Doc. No. 23), the Honorable Patricia D. Barksdale, United States Magistrate Judge, denied the motion.  In doing so, Judge Barksdale found that the Indictment and the discovery "sufficiently inform him of the charges against him to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." Order (Doc. No. 33) at 5.  Indeed, Judge Barksdale noted the voluminous discovery which had been provided to Rogers.  See id.

for Legal Insufficiency (Doc. No. 22) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of December, 2014.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Counsel of Record